## Miller v. Miller

*Bloom, Bloom & Yard,* for plaintiff.

GIBSON, P. J., December 20, 1950.—Plaintiff files his complaint in divorce charging defendant with indignities to the person and also charging defendant with adultery, naming Charles E. Hill as corespondent. Service was made on defendant but no service of any notice has been made on the corespondent either by plaintiff or the master. A hearing was held before a master in which the evidence produced to some extent supports both causes of divorce.

If the conduct of defendant with the corespondent were open, notorious, and a course of conduct carried on for the purpose of humiliating plaintiff, then plaintiff has made out a case on the charge of indignities: Blansett v. Blansett, 162 Pa. Superior Ct. 45; Phipps v. Phipps, 165 Pa. Superior Ct. 622.

If the testimony is believable and the circumstances unexplained, the testimony may make out a case on

the charge of adultery. We find nothing in the record regarding the withdrawal of the adultery charge except a statement by the master: "At the hearing before the master the attorney for plaintiff announced that the charge of adultery was abandoned and no testimony thereon was taken before the master." If this be a means adopted for the amendment of the complaint, it is not effective. The complaint may be amended by leave of court but not in this informal manner. Consequently, there remains for the court's determination the causes alleged in the complaint.

By Act of May 2, 1929, P. L. 1237, sec. 38, as amended, it was provided that in a cause for divorce for adultery, "the libellant shall cause to be served personally, or by registered mail addressed to the last known post office address, a notice on any corespondent named and identified in the libel".

The provisions of this section, as amended, were suspended by Pa. R. C. P. 1459(5). However, by Pa. R. C. P. 1136 it is provided:

"If a person is named or otherwise identified in the complaint or bill of particulars, or in the course of the hearing, as a corespondent in an action on the ground of adultery, the plaintiff shall give him ten (10) days' written notice, either personally or by registered mail directed to his last known address, of the pendency of the action, that he has been named as a corespondent, and the time and place at which he may appear and be heard."

In the particular indicated the record is not complete and therefore it is necessary that we refer the case back to the master.

And now, December 20, 1950, this proceeding is referred back to the master, to the end that after the notice required by the Civil Procedural Rules has been given to the corespondent, a hearing may be held.